# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF FLORIDA

| | | |
|---|---|---|
| Cheryl Martin | ) | |
| | ) | |
| Plaintiff | ) | Case No.   5:21-cv-573 |
| | ) | |
| vs. | ) | |
| | ) | |
| Lake County Florida Board of County Commissioners | ) | |
| | ) | |
| | ) | |
| Defendant | ) | |

## COMPLAINT

Cheryl Martin ("Plaintiff") who by and through the undersigned counsel files this Complaint against Lake County Florida Board of County Commissioners ("Defendant") and alleges as follows:

### JURISDICTION AND VENUE

1. Plaintiff brings this action against Defendant pursuant to Title VII of the Civil Rights Act of 1964, as amended ("Title VII"), 41 U.S.C. Section 2000e et seq., 42 U.S.C. Section 1981, and Plaintiff also joins an intertwined Florida statutory claim, the Florida Civil Rights Act of 1992 ("FCRA"), Florida Statutes Section 760.01, et. Seq., and 42 U.S.C. § 1981.

2. Jurisdiction is conferred upon this Court by 42 U.S.C. Sect. 2000e-5; 28 U.S.C. Sect. 1331; and 28 U.S.C. Sect. 1343.

3. The supplemental jurisdiction of this Court is invoked with respect to Plaintiff's claims under the law of Florida pursuant to:

    a. Title 20 U.S.C. Sect. 1376(a), because the Florida claim is so related to the federal claims with the Court's original jurisdiction that it forms part of the same case or controversy under Article III of the United States Constitution; and,

    b. Title 28 U.S.C. Sect. 1343, because the claim arises out of the same operative facts as the federal claim, and is such that the parties would ordinarily expect to try them in one proceeding.

4. Venue is proper for the United States District Court for the Middle District of Florida because:

    a. Plaintiff was employed in the Middle District of Florida by Defendant, which at all material times conducted, and continues to conduct, business in the Middle District of Florida;

    b. The acts that gave rise to Plaintiff's claims occurred within the Middle District of Florida pursuant to 42 U.S.C. Sect. 2000e-5(f)(3) and 42 U.S.C. Sect. 1391 "b" and "c"; and

    c. The Defendant is subject to jurisdiction there.

## CONDITIONS PRECEDENT

5. Plaintiff has complied with all conditions precedent in this case, or they have been waived.

6. Plaintiff timely filed a Charge of Discrimination against the Defendant with the United States Equal Employment Opportunity Commission ("EEOC").

7. A Notice of Right to Sue letter was issued on August 30, 2021 a copy of which is attached as Exhibit "A" and incorporated herein by reference.

8. Accordingly, this lawsuit is being filed with the 90 days' time in which to file.

## PARTIES

9. Plaintiff is a permanent resident of the United States, who during all material times resided in the Middle District of Florida.

10. At all times material, Plaintiff, is a female black African American woman.

11. Lake County Florida Board of County Commissioners is a political subdivision of the state of Florida, whose principal address is 315 West Main Street, Tavares, FL 32778 and all times material, conducted a continuous business in the Middle District of Florida and is subject to the laws of the United States and of the State of Florida.

12. Lake County Florida Board of County Commissioners is an "employer" within the meaning of the Title VII and the Florida Civil Rights Act.

13. Lake County Florida Board of County Commissioners is engaged in an "industry affecting commerce" within the meaning of Title VII.

14. During all times material, Plaintiff was an "employee" of Lake County Florida Board of County Commissioners as defined by Title VII and the Florida Civil Rights Act.

15. At some or all times material to this action, Lake County Florida Board of County Commissioners and some of its representatives engaged in unlawful discriminatory practices against Plaintiff, which were motivated at least in part by Plaintiff being of African descent or being black.

## FACTUAL ALLEGATIONS

16. Plaintiff worked for Defendant as a temporary employee through Spherion Agency from 2012 to May, 2013 where she became a permanent employee and worked for the Public Works Engineering director and Supervisor of Environmental Services until December 2, 2019.

17. For the seven (7) years Plaintiff worked for the Defendant up to December 2, 2019, she had no substantial issues or concerns over racial discrimination.

18. Also, for the seven (7) years Plaintiff worked for the Defendant up to December 2, 2019 she had a good work history.

19. On December 2, 2019, Plaintiff was transferred to the Defendant's Solid Waste Department.

20. At all times material, Plaintiff was qualified to perform her job with Defendant within the legitimate expectations of her employer.

21. Plaintiff was an employee in good standing with the Defendant prior to her termination.

22. While employed by Defendant, Plaintiff was supervised by Cindy Heffler who is white.

23. From the very beginning of her employment at the Solid Waste Department before anyone really got to know Cheryl, she was treated very different from the previous department she worked and different from the other co-workers at the Solid Waste Department.

24. On December 2, 2019, her first day at the Solid Waste Department, Plaintiff met with the woman she was to replace who commented "why did they transfer you out here" and then proceeded to not train the Plaintiff.

25. On few days later, the Plaintiff arrived at work and discovered someone took everything from her work station, including all writing instruments.

26. On December 9, 2019, Plaintiff's direct supervisor Cindy cited the Plaintiff for a no call no show despite the fact that Plaintiff had filled out an Application for Leave for December 9, 2019 which is dated December 2, 2019 and signed and approved on December 3, 2019.

27. On December 13, 2019, Plaintiff reached out to her supervisor Cindy Heffler and informed her that she was never trained and asked for assistance but Ms. Heffler never offered her assistance, gave her any training manuals or had anyone train the Plaintiff.

28. Instead, Ms. Heffler accused the Plaintiff of making 13 errors on spreadsheet she collaborated on with her white co-worker Ellen Neilsen.

29. On February 19, 2019, the Plaintiff's 54th working day on the job, she was given a performance improvement plan (the "PIP") which cited certain errors and mistakes the Plaintiff made while on the job.

30. The errors and mistakes cited in the PIP are the same errors and mistakes which her white co-workers, Delores Collins and Ellen Nielsen also made but they were not given a PIP.

31. Upon being put on the PIP and realizing that the other white co-workers were not be treated the same as her, Plaintiff concluded that she was being discriminated against based on her race, especially since none of her co-workers ever took the time to get to know her, and felt extreme shame and humiliation as a result.

32. She further felt shame and humiliation when she overheard her white co-workers constantly belittling the Plaintiff and laughing at her and whispering about her.

33. Plaintiff also felt shame and humiliation when her supervisor Cindy criticized her grammar and communication in her emails which the Plaintiff took to mean "black" speak.

34. Plaintiff also felt shame and humiliation when she overheard her supervisor Cindy say to co-workers Roberto and Ellen that "she won't be here long."

35. Plaintiff was subjected to shame and humiliation at her job on an almost daily basis because she was treated differently from other employees.

36. For example, Plaintiff was not given a key and the code to the building to gain access to her place of work while all other white co-workers were given keys and the code.

37. On August 18, 2020, Plaintiff requested time off but was denied and was told the reason was that another co-worker had request the time off.  During the working hours of August 18, 2020, the Plaintiff personally observed every single employee at work that day.

38. On October 5, 2020, Plaintiff asked for Wednesday, October 7, 2020 off but was denied and was told "it is too busy for anyone to take time off."

39. On Friday, October 9, 2020, Delores, a white co-worker, took time off.

40. On January 16, 2021, Plaintiff sent James Kovac, the Human Resources Director, a formal complaint regarding the discrimination she was subjected to at the Solid Waste Department.

41. Sixty-five days later, on March 22, 2021, Plaintiff was terminated.

42. Plaintiff was treated differently from other employees at the Defendant's Solid Waste Department, as similarly situated non-black employees were not discharged under similar circumstances.

**COUNT I**
**TITLE VII CLAIM FOR DISCRIMINATION/ TERMINATION OF EMPLOYMENT BASED ON RACE**

43. Plaintiff re-alleges paragraphs 1 through 32 as if fully set forth herein.

44. Defendant discriminated against Plaintiff on the basis of her race, black, by subjecting her to different terms and conditions of employment and terminating her employment for pre-textual reasons.

45. Defendant has engaged in unlawful employment practices and policies in the terms and conditions of Plaintiff's employment in violation of 42 U.S.C. Section 2000e et. Seq. the discriminatory practices include, but are not limited to:

    a. Altering the terms and atmosphere of her work circumstances and work environment;
    b. Treating black employees differently from non-black employees;
    c. Terminating Plaintiff's employment.

46. The effect of the practices complained of above has been to deprive Plaintiff equal employment opportunities and other wise adversely affect her status as an employee because of her race.

47. A direct and proximate result of the intentional and premeditated discriminatory acts by Defendant with respect to this discrimination in the terms and conditions of Plaintiff's employment, Plaintiff has been damaged. her damages included back pay, front pay, loss of benefits, future pecuniary loss, inconvenience, emotional pain, suffering, mental anguish, loss of enjoyment of life, other non-pecuniary losses, and punitive damages.

48. Plaintiff has retained the services of the undersigned attorneys to represent her in this action and is obligated to pay them a reasonable fee for their services.

WHEREFORE, Plaintiff requests:

(a) Entry of a judgment for restitutionary, compensatory and punitive damages including, but not limited to, damages for mental pain and suffering, anguish, injury of reputation and loss of capacity to enjoy life, back pay, front pay and interest;

(b) Award Plaintiff costs in this action, including reasonable attorneys' fees and expert fees as provided by Title VII; and

(c) Any other equitable relief deemed appropriate by this Court.

## COUNT II
## FLORIDA CIVIL RIGHTS ACT CLAIM FOR DISCRIMINATION/ TERMINATION OF EMPLOYMENT BASED ON RACE

49. Plaintiff re-alleges paragraphs 1 through 32 as if fully set forth herein.

50. Defendant discriminated against Plaintiff on the basis of her race, black, by subjecting her to different terms and conditions of employment and terminating her employment for pre-textual reasons.

51. Defendant has engaged in unlawful employment practices and policies in the terms and conditions of Plaintiff's employment in violation of The Florida Civil Rights Act. Florida Status Section 760.01, et. Seq.  The discriminatory practices include, but are not limited to:

   a. Altering the terms and atmosphere of her work circumstances and work environment;

   b. Treating black employees differently from non-black employees;

   c. Terminating Plaintiff's employment.

52. The effect of the practices complained of above has been to deprive Plaintiff equal employment opportunities and other wise adversely affect her status as an employee because of her race.

53. A direct and proximate result of the intentional and premeditated discriminatory acts by Defendant with respect to this discrimination in the terms and conditions of Plaintiff's employment, Plaintiff has been damaged.   her damages included suffered injuries and losses including a violation of her statutory rights, mental pain and suffering and extreme

emotional stress; loss of ability to lead a normal life; lost wages and benefits and other economic losses, all of which injuries and losses are continuing and permanent in nature.

WHEREFORE, Plaintiff requests:

(a) Entry of a judgment for restitutionary, compensatory and punitive damages including, but not limited to, damages for mental pain and suffering, anguish, injury of reputation and loss of capacity to enjoy life, back pay, front pay and interest;

(b) Award Plaintiff costs in this action, including reasonable attorneys' fees and expert fees as provided by Title VII; and

(c) Any other equitable relief deemed appropriate by this Court.

## COUNT III
## RACE DISCRIMINATION (SECTION 1981)

54. Plaintiff re-alleges paragraphs 1 through 32 as if fully set forth herein.

55. Defendant discriminated against Plaintiff on account of her race, black, by subjecting her to different terms and conditions of employment and terminating her employment for pre-textual reasons.

56. 42 USC Section 1981 states in relevant part as follows:

> (a) Statement of equal rights
>
> All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other.
>
> (b) "Make and enforce contracts" defined:
> For purposes of this section, the term "make and enforce contracts" includes the making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship. 42 U.S.C.A. §1981

57. 42 U.S.C. Section 1981 forbids discrimination in the making and enforcing of contracts based on race.

58. The treatment that Plaintiff has suffered at the hands of Defendant was racially motivated and has breached or interfered with Plaintiff's rights under Section 1981.

59. Plaintiff is a black female and was discriminated against because of her race as provided under 42 U.S.C. Section 1981 and has suffered damages as set forth herein.

60. Plaintiff's race was at least a motivating factor in the decision to terminate her employment and treat her differently from other employees.

61. Defendant's conduct complained of herein was willful and in disregard of Plaintiff's protected rights. Defendant and its supervisory personnel were aware that discrimination on the basis of race was unlawful but acted in reckless disregard of the law.

62. Defendant through the actions of its agents, outrageously disregarded the requirements to investigate and remedy the claims of discrimination.

63. The actions of the Defendant constitute a violation of Section 1981, and as a direct, natural, foreseeable and proximate result of the actions and inactions of Defendant, Plaintiff has suffered injuries and losses including a violation of her statutory rights, mental pain and suffering and extreme emotional stress; loss of ability to lead a normal life; lost wages and benefits and other economic losses, all of which injuries and losses are continuing and permanent in nature.

64. Plaintiff has retained the services of the undersigned attorneys to represent her in this action and is obligated to pay them a reasonable fee for their services.

WHEREFORE, Plaintiff requests:

(a) Entry of a judgment for restitutionary, compensatory and punitive damages including, but not limited to, damages for mental pain and suffering, anguish, injury of reputation and loss of capacity to enjoy life, back pay, front pay and interest;

(b) Award Plaintiff costs in this action, including reasonable attorneys' fees and expert fees as provided by Title VII; and

(c) Any other equitable relief deemed appropriate by this Court.

## COUNT IV
## RETALIATION UNDER TITLE VII
## 42 U.S.C. § 2000e–3

65. Plaintiff re-alleges paragraphs 1 through 32 as if fully set forth herein.

66. The Plaintiff participated in a protected active by contacting the Defendant's internal agency counselor to report the discrimination against her. See *Hashimoto v. Dalton*, 118 F.3d 671, 680 (9th Cir. 1997) (ruling that federal employee's pre-complaint contact with agency EEO Counselor is participation under Title VII).

67. After contacting the internal agency counselor, the Plaintiff experience further concentrated acts of discrimination against her.

68. Instead of investigating the reported discrimination against the Plaintiff, the employer defendant terminated the Plaintiff instead.

69. Defendant took the material action of terminating the Plaintiff because she reported discrimination to the internal agency counselor.

70. As a result of the above actions, the defendant employer violated U.S.C. § 2000e–3 and Plaintiff has suffered damages therefrom.

71. As a direct, natural, foreseeable and proximate result of the actions and inactions of Defendant, Plaintiff has suffered injuries and losses including a violation of her statutory rights, mental pain and suffering and extreme emotional stress; loss of ability to lead a normal life; lost wages and benefits and other economic losses, all of which injuries and losses are continuing and permanent in nature.

72. Plaintiff has retained the services of the undersigned attorneys to represent her in this action and is obligated to pay them a reasonable fee for their services.

WHEREFORE, Plaintiff requests:

(a) Entry of a judgment for restitutionary, compensatory and punitive damages including, but not limited to, damages for mental pain and suffering, anguish, injury of reputation and loss of capacity to enjoy life, back pay, front pay and interest;

(b) Award Plaintiff costs in this action, including reasonable attorneys' fees and expert fees as provided by Title VII; and

(c) Any other equitable relief deemed appropriate by this Court.

## JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.

DATED this 26th day of November, 2021.

Respectfully submitted,

/s/ *Neil Bryan Tygar*

Neil Bryan Tygar, Esq.
Neil Bryan Tygar, P.A.
Attorney for Plaintiff
 Cheryl Martin
Bar No. 0911100
5341 W. Atlantic Ave, #303
Delray Beach, FL 33484
Telephone:   (561) 455-0280
Facsimile:    (561) 455-0281
Email:         ntygar@me.com